IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY R KUNIN, M.D.; | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-00945-CV-RK |
| SAINT LUKE'S HEALTH SYSTEM, INC., SAINT LUKE'S PHYSICIAN GROUP I, LLC, SAINT LUKE'S HOSPITAL OF KANSAS CITY, INC., SAINT LUKE'S NORTHLAND HOSPITAL CORPORATION, SAINT LUKE'S SOUTH HOSPITAL, INC., SAINT LUKE'S EAST HOSPITAL, SAINT LUKE'S OF TRENTON, INC., SAINT LUKE'S HOSPITAL OF GARNETT, INC., SAINT LUKE'S HOSPITAL OF CHILLICOTHE, INC., SAINT LUKE'S CUSHING HOSPITAL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Relator Jeffrey R. Kunin, M.D.'s motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to set aside the judgment and for leave to file an amended complaint. (Doc. 60.) The motion is fully briefed. (Docs. 63, 64, 68.) For the reasons below, the motion is **DENIED.**

### Background

Relator initially brought this *qui tam* action in a six-count complaint against Saint Luke's Health System, Inc., Saint Luke's Physician Group I, LLC, St. Luke's Hospital of Kansas City, Inc., Saint Luke's Northland Hospital Corporation, Saint Luke's South Hospital, Inc., Saint Luke's East Hospital, Saint Luke's of Trenton, Inc., Saint Luke's Hospital of Garnett, Inc., Saint Luke's Hospital of Chillicothe, Inc., and Saint Luke's Cushing Hospital, Inc. (collectively "Defendants")

alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A), (B), (C), & (G).[1] (Doc. 1 at 36-41.) Relator's primary allegations were that since 2010, Defendants' compensation scheme for certain physicians (the "Cardiologists") had violated the Stark Law, 42 U.S.C § 1395nn, and thus, all related claims presented to Medicare for reimbursement violated the FCA. Defendants then filed a motion to dismiss arguing that several defects in Relator's complaint warranted dismissal, including that Relator's allegations of fraud should be dismissed due to insufficiently particular pleading. (Docs. 47, 48.) Because the Court found Relator failed to allege fraud with the level of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, the Court granted Defendants' motion to dismiss on that ground and dismissed the case without prejudice on April 25, 2022. (Doc. 58.)

Relator filed the instant Rule 59(e) motion to set aside the judgment and for leave to file an amended complaint on May 23, 2022. (Doc. 60.) Relator argues the Court should allow Relator to file an amended complaint because the Court's dismissal order turned on the conclusion that circuit precedent required him to plead "representative examples of false claims" and Relator contends the proposed amended complaint attached to its motion does so. (Doc. 60 at 1-2.) Defendants oppose the motion, arguing that Relator fails to identify any error in the Court's Order granting their earlier motion to dismiss, that Relator cannot satisfy Rule 59(e)'s stringent standard for vacating judgments, and regardless, that an amendment would be futile because Relator's proposed Amended Complaint does not fix the complaint's defects. (Doc. 63 at 1.)

## Legal Standard

"Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence,

---

[1] The FCA, in relevant part, imposes civil liability on any person who:

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
(C) conspires to commit a violation of subparagraph (A), (B), . . . or (G);
[. . .];
(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,

31 U.S.C. § 3729(1).

tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 (8th Cir. 2021) (quotation omitted). Generally, a district court should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a). However, the Court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Specifically, however, "[a]lthough a motion to amend a complaint should be freely given under Federal Rule of Civil Procedure 15(a), 'different considerations apply to motions filed after dismissal.'" *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1082 (8th Cir.1993)). "[D]istrict courts in [the Eighth] [C]ircuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits, particularly when a fraud complaint has been dismissed for failure to comply with the pleading requirements of Rule 9(b)." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009).

"Futility constitutes a valid reason for denial of a motion to amend." *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quotation omitted). "When evaluating futility, courts determine whether the proposed amended complaint is duplicative, frivolous, or could survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Dicken v. Nw. Eye Ctr., P.A.*, No. 13-CV-2691 (JNE/KMM), 2017 WL 2345579, at *1 (D. Minn. May 30, 2017) (citing *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014)).

**Discussion**

According to Relator, the Court's dismissal order "turned on the conclusion that even though Dr. Kunin provided detailed information about an illicit remuneration scheme, circuit precedent required him to plead 'representative examples of false claims'" and his proposed amended complaint "does precisely that." (Doc. 60 at 1-2.) Relator argues the Court's dismissal Order was based on its conclusion that Relator did not adequately allege the presentment element of his FCA claim under the standards of Rule 9(b), and the proposed amended complaint cures this technical defect. (*Id.* at 2.) Relator explains that "[t]he only changes proposed by the amendment

3

are allegations detailing and attaching [Centers for Medicare and Medicaid Services ("CMS")] data that demonstrates that thousands of claims for cardiologist and hospital cardiac services were submitted by St. Luke's in 2014, 2015, 2016, and 2017." (*Id.* at 5 (footnote omitted).)

Defendants argue Relator's proposed amended complaint is still insufficient under Rule 9(b) because the added allegations and exhibits do not identify individual claims, who referred them, the patients, or the dates claims were submitted, instead it only aggregates reimbursement totals for various services by year. (Doc. 63 at 16.) Defendants contend the proposed amended complaint fails to allege example claims resulting from referrals that were made by a specific cardiologist, but not performed by that cardiologist, for services that meet the definition of designated health services ("DHS"). (*Id.* at 17.) Defendants further assert the new exhibits that purport to show claims data by doctor say nothing about who referred the services listed (only who performed them), and so cannot establish that the claims are false, additionally failing to explain how the services listed in the exhibits qualify as DHS. (*Id.* at 18.)

In granting Defendants' motion to dismiss, the Court noted Relator is a radiologist, not a member of the billing department. (Doc. 58 at 9.) Relator's initial complaint had not alleged, and his proposed amended complaint does not allege, firsthand knowledge of Defendants' billing system. (*Id.* and Doc. 60-1.) Similarly, his initial complaint and proposed amended complaint fail to allege even one specific example of an actual false claim that was submitted for reimbursement. (*Id.*) Moreover, Relator's service on numerous committees does not, by itself, provide "reliable indicia that lead to a strong inference that claims were actually submitted." None of the positions Relator held demonstrate knowledge of Defendants' billing practices, and Relator does not otherwise allege such knowledge. (*See* Doc. 1 at ¶¶ 65-70, Doc. 60-1 at ¶¶ 65-70.) The Court's conclusion remains that Relator's allegations as to these positions are relevant only to the alleged Stark Law violation, not to the presentment of false claims under the FCA, and the FCA is concerned only with the claim for payment. As such, Relator's allegations do not provide the "basis for knowledge" required under Eighth Circuit precedent in the FCA context.

In granting Defendants' motion to dismiss, the Court found Realtor's initial complaint failed to allege "the particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." (Doc. 58 at 10 (citing *Benaissa*, 963 F.3d at 739).) The Court indicated in its order granting Defendants' motion to dismiss that individuals outside the billing department can serve as relators if they allege "dates

4

that services were fraudulently provided or recorded, by whom, and evidence of the department's standard billing procedure." *Id.* Relator's initial complaint failed to allege any such particulars, and his proposed amended complaint likewise does not make such particular allegations.

Relator's addition of "allegations detailing and attaching [Centers for Medicare and Medicaid Services ("CMS")] data that demonstrates that thousands of claims for cardiologist and hospital cardiac services were submitted by St. Luke's in 2014, 2015, 2016, and 2017" does not make the connections required to show a violation of the FCA. The level of detail required under Eighth Circuit precedent – "dates that services were fraudulently provided or recorded, by whom, and evidence of the department's standard billing procedure" – are not met in Relator's proposed amended complaint with its additional allegations and exhibits.

Accordingly, because Relator has failed to meet the pleading requirements under Rule 9(b), his proposed amended complaint is futile.

## Conclusion

After careful consideration, and for the reasons above, Relator's motion to set aside judgment and for leave to amend is **DENIED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 14, 2022